Bland, Chancellor.
According to the rule and the general practice of the court, each party is entitled, as of course, without any special order for that purpose, to withdraw from the files any writing or document which he himself has placed there, or of which he may have made an exhibit and filed with his bill or answer, in order to have it proved under a commission to take testimony. Upon the ground, that each party may be safely entrusted in withdrawing and taking care of any documentary evidence which he had previously brought in as necessary to the support of his claim or defence; and which had not been ordered into court for safe custody; (a) or where it did not appear, from the peculiar nature of the case, that the court should have the power of so dealing with the instrument as to be reasonably sure of having it produced upon all occasions where its production might be necessary. (b) But the Chancellor cannot order a record, such as a bill, answer or deposition, out of the possession of the proper officer of the court, except in some very peculiar cases, (c)
Here, however, it appears, that the document ealled for by this plaintiff, has been exhibited by the defendants, as the instrument of writing given by him to the vendee, under whom they claim, and as the principal or only muniment of their title. The plaintiff, therefore, can have no occasion to have it authenticated; for having been thus admitted by the defendants it may be read against them by the plaintiff without proof; (d) nor is this a case in which *252 he can, upon any ground, claim to have it taken from the file, and committed to his custody, for any purpose whatever. (e)
It is, therefore, Ordered, that the said petition be dismissed with costs.
The commissioners of Baltimore to whom the commission to take evidence had been issued, upon the application of the plaintiff, issued a summons in the following words :
‘ John H. Maccabbin v. Elizabeth Matthews, and others. — In Chancery.’
‘ To Charles Waters, Henry C. Dunbar, and O'Neal Cromwell; you' are hereby summoned to attend at the office of Benjamin C. Ridgate, corner of St. Paul’s and Fayette streets, in the city of Baltimore, on Tuesday, the 22d day of December, instant, at 10 o’clock, a. m., to testify for the complainant in the above cause. By order of the commissioners, John Carrere, jun,, clerk, Baltimore, 8th December, 1829.’
Which summons Charles Boour made oath he had regularly served. After which two of those witnesses, having failed to attend, as required, the commissioners reported, that the plaintiff had represented to them, that the said witnesses, Waters and Cromwell, were material witnesses in the case; and that as he was otherwise remediless, prayed, that the court would direct an attachment to compel them to attend and testify.
1st January, 1830.
Bland, Chancellor.
It is very certain, that this court has, at all times, been endowed with ample power to have brought before it any testimony, documentary or verbal, necessary to a just exercise of its jurisdiction, or which it may find to be necessary to aid any suitor in having taken and produced, as competent, pertinent, and material to his case. (f) And it appears, that, under the provincial government, and since, this power to enforce the production of evidence, for the benefit of its suitors, has been often exercised in a manner analogous to that pursued by the English Court of Chancery, (g) And, therefore, *253 the provisions of the late act of assembly professing to- provide compulsory process in such cases, (h) can only be regarded as a mere affirmance of the pre-existing powers of the court.
But, in enforcing the attendance of witnesses before commissioners, the court will so exercise its authority as to leave to the suitor every benefit he can, with propriety, ask, without imposing upon the witness any unnecessary trouble or expense. It has' long been the practice to allow suitors to have commissions to take evidence directed to commissioners most convenient to the residence of the witnesses; so that they may not be compelled to travel any unreasonable distance to give their testimony. And, therefore, instead of forcing a witness to attend at a great distance from his home, as for example, from his residence on the Eastern Shore, to attend commissioners sitting in Allegany, the party would be directed to have a commission to some more convenient place within a reasonable distance from the habitation of the witness; without regard, however, to the place being within the same county or not, as the jurisdiction of the court extends indiscrimi *254 nately over the whole territory of the state, (i) But here no objection of this kind appears to have been made by these witnesses; and, therefore, they must be ordered to attend as prayed.
Ordered, that the said Charles Waters and O’JVeaZ Cromwell, attend before the said commissioners at their office in the city of Baltimore, on Monday, the 18th day of the present month, and from time to time thereafter, as the said commissioners may appoint, then and there to answer, on oath or affirmation, all such lawful questions as may be propounded to either of them, touching the said matter in controversy; and, on failing to do so, that they or he who shall so fail, be forthwith thereafter, brought before this court to answer the said contempt. Provided that the said commissioners give notice, as usual, to the opposite party, of the time and place of taking the said testimony. And it is further Ordered, that the register issue an attachment as prayed to enforce obedience to this order.
After which, these witnesses attended, their depositions were taken, and the commission was returned, together with their and other testimony. Upon which the case was heard; and on the 30th of April, 1833, it was Decreed, that the administrator should pay to the plaintiff the balance of the purchase money, other than that due upon the bond, &c.

 Webb v. Lord Lymington, 1 Eden, 8.

 Frankland v. Hamden, 1 Vern. 66; Beckford v. Wildman, 16 Ves. 438.

 Anonymous, 1 Ves. jun. 152; Fauquier v. Tynte, 7 Ves. 292.

 Cox v. Allingham, 4 Cond. Chan. Rep. 160.

 Graves v. Budgel, 1 Atk. 444; Harris v. Bodenham, 1 Cond. Chan. Rep. 143.

 Amy v. Long, 9 East. 484; Lupton v. Hescott, 1 Cond. Chan. Rep. 138.

 Brassington v. Brassington, 1 Cond. Chan. Rep. 233; Bradshaw v. Bradshaw, 4 Cond. Chan. Rep. 464; S. C. 5 Cond. Chan. Rep. 122; Corsen v. Dubois, 3 Com. Law Rep. 86; Cowell v. Seybrey, 1 Bland, 18, note; Bryson v. Petty, 1 Bland, 182, note; Onion v. McComas, ante 83, note; 1 Newland’s Chan. Pra. 273.
Charles, 4rc., — To our trusty and well beloved Lieutenant Colonel Henry Darnall and Colonel Henry Jowles, greeting: Whereas, by a final order and decree of our *253 High Court of Chancery, remaining upon record in our said court, it is ordered and appointed you to audite, state, and examine the accounts and other matters between Thomas Bland, and Damoras his wife, complainants, and Edward Dorsey, and Sarah his wife, defendants, depending in this court, or at law, and stopped by injunction of this court, at such time and place as you shall appoint; which said order of our said court is hereunto annexed. We, willing that justice should be done, and that all decrees and orders of our said court should be exactly performed, do hereby strictly charge and command you, and either of you, that the said parties, complainants and defendants, you call before you at such time and place, as to you shall seem meet, and the said accounts and other matters, between the said parties, that you audit, state and examine, according to the order of our said court y and that a report of your proceeding herein, that you send to us-under your hands and seals into- our Court of Chancery, the tenth day of February next, wheresover we shall then be, and this our precept. Witness ourself at our city of St. Maries, the 18th day of December, in the 5th year of our Dom. &c., Anoque Domini 1679. — Chancery Records, lib. C. JD. fol. 254.
Charles, §c. — To Andrew Toulson and William Currier, of Cecil county, greeting: We command you, that, all excuses set apart, you be and personally appear before James Stavely and James Frisby, our commissioners, by virtue of our commission to them directed, out of our Court of Chancery, at such certain day and place as our said commissioners shall make known unto you, that they may then and there diligently examine you, upon certain-interrogatories, on the part of John Browning, complainant against George Oldfield and Andrew Peterson, defendants; and further to do and receive what our said court shall consider of in that behalf; and this you may in no wise omit under the pain of ten pounds sterling a piece: and have you there this writ. Witness, &c. 26th of May, 1681. — -Chancery Records, lib. C. X). fol. 299.

 1824, ch. 133.

 Anonymous, 4 Mad. 463; Dorsey v. Hammond, 1 Bland, 465.